UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:21-cv-00209-FDW

| | |
|---|---|
| DENISE GUNTHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Denise Gunther's ("Gunther") Motion for Summary Judgment, (Doc. No. 11), filed January 26, 2022, and Commissioner of Social Security's ("Commissioner") Motion for Summary Judgment, (Doc. No. 13), filed March 18, 2022. Gunther, through counsel, seeks judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits ("DIB") and Disabled Widows Benefits ("DWB").

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Gunther's Motion for Summary Judgment is GRANTED; Commissioner's Motion for Summary Judgment is DENIED; and this matter is REMANDED to the Commissioner for further proceedings consistent with this order.

**I. BACKGROUND**

Gunther filed applications for Title II DIB and DWB on January 27, 2017, alleging disability beginning January 1, 2012. (Tr. 355-68). After her applications were denied initially, (Tr. 199-206), and upon reconsideration, (Tr. 210-26), Gunther requested a hearing, (Tr. 227-28). After a hearing on October 8, 2019, (Tr. 65-105), the ALJ issued an unfavorable decision, (Tr.

1

175-92). Gunther's subsequent request for review by the Appeals Council was granted, and the Appeals Council remanded the claim in an order dated September 4, 2020. (Tr. 193-98). After a remand hearing on January 5, 2021, (Tr. 33-64), the ALJ issued an unfavorable decision, (Tr. 12-32).

At step one of the disability analysis, the ALJ found Gunther had not engaged in substantial gainful activity since January 1, 2012, met the insured status requirements through December 31, 2014, and met the non-disability requirements for DWB set forth in section 202(e) of the Social Security Act. (Tr. 17-18). At step two, the ALJ found Gunther to have the following severe impairments: "major joint dysfunction and diabetes mellitus." (Tr. 18). At step three, the ALJ determined Gunther did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19). At step four, the ALJ found Gunther had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) "except she can stand and/or walk 6 hours total in an 8-hour workday; sit 6 hours total in an 8-hour workday; occasionally climb ramps, stairs, ladders, ropes, and scaffolds; occasionally balance; frequently stoop, kneel, crouch, and crawl; and occasionally reach overhead bilaterally." (Tr. 19).

As a result, the ALJ determined Gunther could perform her past relevant work as an Administrative Clerk,[1] which is light and semi-skilled with an SVP of 4. (Tr. 23-24). Notably, the ALJ did not determine whether Gunther could perform other jobs that exist in significant numbers in the national economy. Ultimately, the ALJ concluded Gunther was not under a disability, as

---

[1] Though not identified as an assignment of error, the Court notes it appears there has been inconsistency and confusion over the specific DOT number for the role of Administrative Clerk. On remand, the Court suggests the parties take care to identify the correct DOT number for Gunther's past relevant work and reference it accordingly.

2

defined in the Social Security Act, from January 1, 2012, through the date of the ALJ's decision. (Tr. 24).

The Appeals Council denied Gunther's subsequent request for review. (Tr. 1-6). Gunther has exhausted all administrative remedies and now appeals pursuant to 42 U.S.C. § 405(g). Gunther argues the ALJ's decision is not supported by substantial evidence because the RFC assessment is not supported by substantial evidence. Specifically, Gunther alleges the RFC fails to reflect a reasoned assessment of the limitations imposed by Gunther's osteomyelitis of the left thumb and chronic pain symptomology. Gunther also argues the Commissioner's final decision denying her application for benefits is constitutionally defective.

## II. STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides judicial review of the Social Security Commissioner's denial of social security benefits. When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012) (citing 42 U.S.C. § 405(g) (2020)). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (quoting

3

Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (quoting Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012)) (internal quotation marks omitted). The Court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," the Court must defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212, 212 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1508, 404.1520(g) (2012)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520 (2012). Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861 (citing Monroe v. Colvin, 826 F.3d 176, 179-80 (4th Cir. 2016)).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity

4

("RFC") before proceeding to step four, which is the most the claimant can still do despite her physical and mental limitations that affect her ability to work.'" Id. at 861–62 (cleaned up).

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (internal quotations omitted); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).
>
> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform their past work. Mascio, 780 F.3d at 635. If the claimant meets their burden as to past work, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." Id. (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

Lewis, 858 F.3d at 862. If the Commissioner meets this burden in step five, the claimant is deemed not disabled and the benefits application is denied. Id.

### III. ANALYSIS

Gunther raises two issues in her Motion for Summary Judgment. First, Gunther argues the ALJ failed to assess the limitations imposed by Gunther's osteomyelitis of the left thumb and chronic pain symptomology when determining her RFC. Second, Gunther contends the Commissioner's final decision denying her application for benefits is constitutionally defective.

**A. ALJ's Assessment of Gunther's Osteomyelitis of the Left Thumb**

Gunther contends, the ALJ failed to find her chronic osteomyelitis is a severe impairment or, even if non-severe, determine what effect it has on her RFC. Upon review of the record and the ALJ's discussion of Gunther's impairments at step two, (Tr. 18), substantial evidence supports the ALJ's finding that Gunther's osteomyelitis of the left thumb is not a severe impairment. Accordingly, Gunther's argument that it is a severe impairment is without merit.

However, an ALJ must consider all impairments in determining a claimant's RFC, even those that are not severe. 20 C.F.R. §§ 404.1545(a)(2), (e) (2012); see McGowan v. Comm'r, Soc. Sec. Admin., No. ADC-17-3343, 2018 WL 5927033, at *3 (D. Md. Nov. 13, 2018) ("The ALJ must consider even those impairments that are not 'severe.'"); see also Allen v. Comm'r of Soc. Sec., No. 2:09-CV-265, 2010 WL 1142031, at *14-16 (E.D. Va. Feb. 24, 2010) (remanding because the ALJ failed to consider claimant's non-severe impairments in his RFC analysis and therefore the ALJ's finding was not supported by substantial evidence); Thomas v. Colvin, 745 F.3d 802, 807 (7th Cir. 2014) ("[T]he ALJ did not consider the impairments that she had previously ruled singly non-severe, which included [claimant's] . . . left thumb inflammation. . . . It seems to

6

us that taking all of [claimant's] impairments together would result in a more restricted RFC than the ALJ formulated.")

The ALJ must determine a claimant's RFC by first identifying "functional limitations or restrictions" and then assessing the claimant's "work-related abilities on a function-by-function basis." See Hawkins v. Saul, 796 F. App'x 159, 161 (4th Cir. 2019) (concluding there is no per se rule requiring remand for an ALJ not performing "an explicit function-by-function analysis," but remand may be appropriate when inadequacies in analysis "frustrate meaningful review"). "In other words, the ALJ must *both* identify evidence that supports his conclusion *and* build an accurate and logical bridge from [that] evidence to his conclusion." Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis added; quoting Monroe, 826 F.3d at 189) (internal quotation marks omitted).

Here, the ALJ considered Gunther's severe impairments, including diabetes, which allegedly "causes lightheadedness, impaired vision, and neuropathy," as well as major joint dysfunction, which allegedly "limit her ability to sit, stand, and walk for prolonged periods, as well as reach overhead." (Tr. 19-20). However, the ALJ did not discuss Gunther's non-severe impairment of osteomyelitis of the left thumb in determining her RFC. (Tr. 19-23). Without consideration of Gunther's osteomyelitis, and her severe impairments in conjunction with her osteomyelitis, the ALJ failed to apply the correct legal standard and paint a logical bridge from the evidence to the conclusion he reached regarding Gunther's RFC. Therefore, meaningful review by the Court is frustrated, and the case should be remanded for the ALJ to explain why he did not account for her non-severe impairment in the RFC.

7

The Court explicitly notes that in ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not take a position on the merits of Gunther's application for disability benefits nor does the Court express any opinion as to Gunther's other assignments of error. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, that decision as written cannot stand. See, e.g., Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]") (citations omitted). In declining to address the other assignments of error here,[2] the Court notes that remand provides the opportunity for the ALJ to modify any prior basis for the prior decision in the new decision issued upon remand. "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299 (1993) (alteration in original) (quoting Sullivan v. Finkelstein, 496 U.S. 617, 624-25 (1990)).

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Gunther's Motion for Summary Judgment (Doc. No. 11) is GRANTED; Commissioner's Motion for Summary Judgment (Doc. No. 13) is DENIED;

---

[2] The Court recognizes the Fourth Circuit, on occasion, will address additional assignments of error notwithstanding an order to remand. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017) (noting "[n]ormally, our opinion would end here, and we would not go beyond ordering the ALJ to apply the regulation that it failed to observe" but then summarily directing the ALJ to provide a more detailed explanation as to other errors "in the interest of judicial efficiency"); Bird, 699 F.3d at 342-43 (citing Sharpe v. Dir., Office of Workers' Comp. Programs, 495 F.3d 125, 134 n. 16 (4th Cir. 2007) (providing instructions for ALJ to follow on remand regarding issues not dispositive on appeal); Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984) ("Since the case must be reconsidered by the Secretary, we do provide some guidance as to a matter very likely to arise at the hearing which will occur.")).

and this matter is REMANDED to the Commissioner for further proceedings consistent with this order.

    IT IS SO ORDERED.

Signed: June 13, 2022

Frank D. Whitney
United States District Judge